KEITH W. BARLOW (15532)
SCOTT D. CHENEY (6198)
JASON N. DUPREE (17509)
Assistant Utah Attorneys General
OFFICE OF THE UTAH ATTORNEY GENERAL
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (385) 584-6509
kwbarlow@agutah.gov
scheney@agutah.gov
jndupree@agutah.gov

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT,
IN AND FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION**

| | |
|---|---|
| STEVE MAXFIELD; ROBERT F. KENNEDY JR.; LIBERTY INITIATIVE FUND; TRENTON DONN POOL; and ACCELEVATE 2020, LLC,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEIDRE M. HENDERSON, in her official capacity as Lieutenant Governor of the State of Utah; and RYAN COWLEY, in his official capacity as the Director of Elections of the State of Utah,<br><br>　　　　　　　　Defendants. | **DEFENDANTS' PARTIAL MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO RULE 12(b)(1)**<br><br>Case No. 4:23-cv-00112-DN-PK<br><br>Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendants Deidre Henderson, in her official capacity as the Lieutenant Governor of the State of Utah, and Ryan Cowley, in his official capacity as the Director of Elections of the State of Utah (collectively, "Defendants"), submit this Motion to Dismiss Counts I, II, and III of the Complaint pursuant to Rule 12(b)(1).

## STATEMENT AND GROUNDS FOR RELIEF

Legislation passed in 2024 mooted three of Plaintiffs' claims in this case. First, Plaintiff RFK's challenge to Utah's filing deadline for independent candidates for President has been mooted. RFK sought to run for President in the 2024 election. As of December 2023, Utah statute required that an independent candidate for President must collect the required number of signatures and file a certificate of nomination by January 8, 2024. In Count I, RFK challenged this deadline.

Plaintiffs initially moved for a preliminary injunction on this claim. But prior to the January 8 deadline, RFK collected over 1,000 valid signatures and filed his declaration of candidacy. Plaintiffs then withdrew their preliminary injunction motion prior to a court ruling on the motion, conceding that RFK had no need for preliminary injunctive relief.

In the 2024 General Legislative Session, the Utah Legislature enacted S.B. 107, Election Process Amendments. S.B. 107 moved the filing deadline to June 15 for an independent candidate for President. RFK's challenge in Count I to the previous deadline is therefore moot, and the Court should dismiss Count I.

RFK agrees that Count I is moot and that no further litigation is needed as to this claim. However, RFK opposes dismissal of Count I. Plaintiff asserts that Count I should not be dismissed because RFK believes he is entitled to attorney's fees as to Count I.

The Tenth Circuit says otherwise. Under Tenth Circuit precedent, "a claim of entitlement to attorney's fees does not preserve a moot cause of action;" and "a plaintiff may not use a dispute over attorneys' fees to revive an otherwise moot controversy on the merits." *Fleming v.*

*Gutierrez*, 785 F.3d 442, 448 (10th Cir. 2015); *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1124 n.11 (10th Cir. 2016). RFK's hypothetical claim for attorney's fees does not give this Court subject matter jurisdiction over Count I. This Court must still dismiss Count I as moot.

In Counts II and III, Plaintiffs challenged Utah's previous prohibition of out-of-state petition circulators. Utah law previously required initiative and referendum petition circulators to be Utah residents. S.B. 107 mooted these claims as well. S.B. 107 removed the prohibition on out-of-state petition circulators for initiatives and referendum. The current statute contains no residency requirement. Plaintiffs' challenge to the residency requirement in Counts II and III are moot, and the Court should dismiss these claims. Plaintiffs agree that Counts II and III are moot and should be dismissed.

The Court should therefore dismiss Counts I, II, and III as moot.

## BACKGROUND

1. <u>Plaintiffs' Complaint includes challenges to laws that have been amended by the Legislature</u>

Plaintiffs in this case are Robert F. Kennedy Jr. ("RFK"), Steve Maxfield ("Maxfield"), Liberty Initiative Fund ("LIF"), Trenton Pool ("Pool"), and Accelevate 2020 ("Accelevate"). There appears to be no nexus between RFK's single claim and the remaining claims brought by the other Plaintiffs.

RFK sought to run for President in the 2024 election.[1] In Count I, RFK challenged Utah's filing deadline for independent candidates for President.[2] As of December 2023, Utah statute required "an individual filing a certificate of nomination for president or vice president of

---

[1] Compl. ¶ 1.
[2] Compl. ¶ 59.

the United States" to "file the certificate of nomination during the declaration of candidacy filing period described in Section 20A-9-201.5." Utah Code § 20A-9-503(4)(b) (2023 version). Utah Code § 20A-9-201.5(2)(a) (2023 version) stated that the filing period was between January 2, 2024, and January 8, 2024. Plaintiffs thus alleged in their Complaint that RFK was required to collect 1,000 signatures and file his certificate of nomination by January 8, 2024.[3]

LIF is an organization that has not yet, but allegedly plans to, circulate an initiative petition in 2025.[4] LIF alleges that the petition will seek to place an initiative on the 2026 general election ballot to place term limits on Utah state legislators.[5] Maxfield intends to support that planned initiative campaign.[6]

Pool is a professional petition circulator.[7] Pool is the president of Accelevate.[8] Accelevate is a professional petition circulating firm that contracts with professional petition circulators to collect signatures on petitions for candidates, initiatives, and referendums.[9] Pool and Accelevate intend to assist with the planned initiative petition to limit the number of terms members of the Utah Legislature may serve.[10]

In Counts II and III, Maxfield, LIF, Pool, and Accelevate (collectively, "Maxfield Plaintiffs") challenged Utah's previous statutory prohibition of out-of-state petition circulators.[11] As best as Defendants can tell, Count II is a facial challenge, and Count III is an as-applied

---

[3] Compl. ¶ 18.
[4] Compl. ¶¶ 2, 8.
[5] *Id.*
[6] *Id.* ¶ 7.
[7] *Id.* ¶ 9.
[8] *Id.* ¶ 10.
[9] *Id.*
[10] *Id.* ¶ 28.
[11] Compl. ¶¶ 61, 63.

challenge. In 2023, Utah law required that, for the initiative and referendum process, a petition circulator must "meet[] the residency requirements of Section 20A-2-105." Utah Code § 20A-7-105(1), (4)(a) (2023 version). Utah Code § 20A-2-105(1)(b) states that a "resident" is someone whose principal place of residence is in Utah. Utah law thus previously required initiative and referendum petition circulators to be Utah residents.

2. <u>RFK satisfies the statutory filing deadline and withdraws the preliminary injunction motion prior to any court ruling on the merits</u>

On December 4, 2023, Plaintiffs filed their Motion for Preliminary Injunction.[12] Plaintiffs only moved for a preliminary injunction of the filing deadline for an independent candidate for President; Plaintiffs did not move for a preliminary injunction regarding any of the Maxfield Plaintiffs' claims.

The parties proposed a preliminary injunction schedule.[13] Defendants agreed that until March 5, 2024, they would not reject any unaffiliated candidate's certificate of nomination.[14] Prior to the January 8, 2024 statutory deadline, RFK collected over 1,000 valid signatures.[15] On January 3, 2024, RFK filed his certificate of nomination.[16] Accordingly, Plaintiffs filed a Motion to Withdraw their Motion for Preliminary Injunction.[17] Plaintiffs stated that there is "no remedy required from this court for the 2024 election cycle," and that "Plaintiff RFK has no further need for preliminary injunctive relief."[18] The Court subsequently granted Plaintiffs' Motion to Withdraw their Motion for Preliminary Injunction.[19]

---

[12] ECF No. 4
[13] Joint Proposed Preliminary Injunction Briefing Schedule, ECF No. 20.
[14] *Id.* at 2.
[15] Pls.' Mot. to Withdraw Mot. for Preliminary Injunction, ECF No. 27, at 2.
[16] *Id.*
[17] *Id.* at 1.
[18] *Id.* at 2.
[19] Order, ECF No. 32.

3.      The Legislature enacts S.B. 107, which moots Counts I through III

In the 2024 General Legislative Session, the Utah Legislature passed, and Governor Cox signed, S.B. 107, Election Process Amendments.[20]  S.B. 107 removed from Utah Code § 20A-9-503 the reference to the filing period in Utah Code § 20A-9-201.5.[21]  S.B. 107 then added to Utah Code § 20A-9-502 that an unaffiliated candidate for President must file the certificate of nomination "no later than 5 p.m. of June 15 of the year in which the election will be held."[22] Utah law thus now imposes a filing deadline of June 15 for an independent candidate for President.  Utah Code § 20A-9-502(5) (2025 version).

In S.B. 107, the Legislature also removed the prohibition on out-of-state petition circulators for initiatives and referendums.  S.B. 107 removed from Utah Code § 20A-7-105(4)(a) the requirement that the petition circulator meets the residency requirement.[23]  The current statute thus contains no residency requirement.  *See* Utah Code § 20A-7-105(4)(a) (2025 version).

4.      Plaintiffs concede that Counts I, II, and III are moot

Defendants moved to dismiss, under Rule 12(b)(6), Counts IV and V of the Complaint.[24] In Count IV, the Maxfield Plaintiffs challenge the prohibition on compensating petition circulators on a per-signature basis under Utah Code § 20A-7-104(1)-(3).  In Count V, the Maxfield Plaintiffs challenge the requirement under Utah Code § 20A-7-104(4) that paid initiative and/or referendum petition circulators wear a badge disclosing their status as paid petition circulators.

---

[20] S.B. 107, attached hereto as Ex. A, also available at https://le.utah.gov/~2024/bills/static/SB0107.html.
[21] S.B. 107, lines 936 to 944.
[22] S.B. 107, lines 854 to 867.
[23] S.B. 108, lines 66-67.
[24] ECF No. 33.

In their opposition to Defendant's partial motion to dismiss, Plaintiffs conceded that the Legislature passed legislation that mooted Counts I, II, and III.[25] Plaintiffs further stated that "no further litigation is necessary as to these three claims," and they "do not oppose dismissal of Counts II and III."[26] In fact, Plaintiffs stated that Counts II and III should be dismissed.[27]

But Plaintiffs asserted they are "prevailing parties as to Count I . . . by virtue of the Court's order moving" the January 8 deadline to March 5, 2024.[28] Plaintiffs further stated, "Dismissal of Count I is not appropriate" because RFK believes he is entitled to attorney's fees at the end of this litigation.[29] Plaintiffs again reiterated that Count I is moot.[30] However, Plaintiffs contend Count I should not be dismissed "for the sole purpose" that RFK believes he is a prevailing party by "having secured the requested relief from this Court at the outset of this litigation."[31]

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss for lack of subject-matter jurisdiction. "Article III of the Constitution permits federal courts to decide only 'Cases' or 'Controversies.'" *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1159 (10th Cir. 2023) (quoting U.S. Const. art. III, § 2). "This requires a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Id.* (cleaned up). "The doctrines of standing and mootness aim to ensure federal courts stay within Article III's bounds

---

[25] Pls.' Opp. to Def.'s Mot. to Dismiss, ECF No. 38, at 2.
[26] *Id.*
[27] *Id.* at 16.
[28] *Id.* at 2.
[29] *Id.*
[30] *Id.* at 16.
[31] *Id.* at 16-17.

throughout the litigation." *Id.* at 1159-60. Mootness ensures the jurisdiction exists "at the time a court renders its decision." *Id.* at 1160 (cleaned up).

"If a case is moot, [federal courts] have no subject-matter jurisdiction." *Schell v. OXY USA Inc.*, 814 F.3d 1107, 1114 (10th Cir. 2016) (cleaned up). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016) (cleaned up).

## ARGUMENT

1. <u>Count I must be dismissed as moot, and Plaintiff's hypothetical claim for attorney's fees does not create subject matter jurisdiction as to Count I</u>

This Court must dismiss Count I as moot. Material amendment or repeal of a statute moots a legal challenge to the statute. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116 (10th Cir. 2010). *See also Camfield v. Oklahoma City*, 248 F.3d 1214, 1223 (10th Cir. 2001) ("a statutory amendment moots a case to the extent that it removes challenged features of the prior law") (cleaned up).

Here, Count I challenged Utah's previous filing deadline in January for independent presidential candidates. S.B. 107 mooted that challenge. S.B. 107, signed into law on February 28, 2024, repealed that January deadline and moved the filing deadline for independent presidential candidates to June 15. RFK's claim in Count I, which challenges the previous January deadline, is a challenge to an obsolete law. "[A] declaratory judgment on the validity of a repealed statute is a textbook example of advising what the law would be upon a hypothetical state of facts. The parties have no legally cognizable interest in the constitutional validity of an

8

obsolete statute." *Davidson*, 236 F.3d at 1182 (cleaned up). RFK's challenge to the January deadline is moot.

Plaintiff agrees. Plaintiff asserted to this Court that Count I is moot,[32] and that S.B. 107 has rendered "further litigation of" Count I moot.[33] The Court should dismiss Count I.

Plaintiff nonetheless contends that dismissal of Count I is inappropriate because RFK believes he is a prevailing party under 42 U.S.C. § 1988 and entitled to attorney's fees.[34] Plaintiff's position is contradicted by Tenth Circuit precedent. The Tenth Circuit has repeatedly held that "an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim." *Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1183 (10th Cir. 2000) (quoting *In re Western Pac. Airlines, Inc.*, 181 F.3d 1191, 1196 (10th Cir. 1999)).

Under Tenth Circuit precedent, a claim for attorney's fees is a separate issue from whether the merits of a claim have been mooted. *See Schell v. OXY USA Inc.*, 814 F.3d 1107, 1124 n.11 (10th Cir. 2016) ("a controversy over attorneys' fees remains viable on its own, but does not give life to any other mooted dispute."). "An entitlement to file a fee petition only means that a plaintiff may still recover (and a defendant may still contest) fees even when the merits have been rendered moot and not that an otherwise moot issue is revived whenever a prevailing party requests or might request fees." *Fleming v. Gutierrez*, 785 F.3d 442, 448 (10th Cir. 2015) (cleaned up). Regardless, "a claim of entitlement to attorney's fees does not preserve a moot

---

[32] Pls.' Opp. to Def.'s Mot. to Dismiss, ECF No. 38, at 16
[33] *Id.* at 2
[34] Pls.' Opp. to Def.'s Mot. to Dismiss, ECF No. 38, at 2, 16-17

cause of action." *Id.* (cleaned up). *See also Schell*, 814 F.3d at 1124 n.11 ("a plaintiff may not use a dispute over attorneys' fees to revive an otherwise moot controversy on the merits.").

Here, Count I is moot, and Plaintiff's hypothetical claim for attorney's fees does not change that result. Plaintiff's claim for attorney's fees does not preserve nor revive Count I. The Court must dismiss Count I.

The Tenth Circuit has rejected the exact argument Plaintiff makes here, holding that claims are still moot and must be dismissed even if the plaintiffs request attorney's fees. In *Davidson*, the plaintiffs challenged the constitutionality of multiple provisions of Colorado's campaign contribution and spending laws. 236 F.3d at 1181. The district court dismissed some of the plaintiffs' claims for lack of standing, upheld most of the challenged provisions, and invalidated others as unconstitutional. *Id.* Both parties appealed. *Id.* While the appeals were pending, the Colorado General Assembly amended many of the challenged laws. *Id.*

Because of the statutory amendments, the Tenth Circuit concluded that challenges to four provisions of the law "are now moot," and vacated the portions of the district court's orders dealing with those claims. *Id.* at 1181, 1182. Colorado argued "that the claims are not moot because Plaintiffs may eventually seek attorneys' fees as prevailing parties." *Id.* at 1183. The Tenth Circuit found that there "is substantial Supreme Court and Tenth Circuit precedent to the contrary." *Id.* Notably, "the general rule is that an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim." *Id.* (cleaned up).

Colorado argued that there is an exception to that general rule for attorney's fees already incurred. *Id.* In support of its position, Colorado relied on the Tenth Circuit's decision in

*Dahlem v. Board of Education*, which stated: "While a claim of entitlement to attorney's fees does not preserve a moot cause of action, the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred." 901 F.2d 1508, 1511 (10th Cir. 1990). The Tenth Circuit in *Davidson* clarified the meaning of this statement: "This language means only that a plaintiff may still recover (and a defendant may still contest) fees even when the merits have been rendered moot. The quote does not mean that an otherwise moot issue is revived whenever a prevailing party requests or might request fees." 236 F.3d at 1183. Accordingly, the constitutional challenges to repealed statutes were moot even though the plaintiffs might eventually seek attorney's fees and the fees had already been incurred. The Court of Appeals remanded those mooted claims for dismissal. *Id.* at 1200.

Here, there is no case or controversy as to the merits of Count I. Plaintiff agrees that Count I is moot. And Plaintiff's claim for attorney's fees does not create a case or controversy as to Count I. In other words, Count I is moot, and Plaintiff's claim for attorney's fees does not revive this Court's jurisdiction as to Count I. The Court may still retain jurisdiction over attorney's fees issues, if Plaintiff files a proper motion requesting fees.[35] But this Court must dismiss Count I as moot.

---

[35] Plaintiff's claim for attorney's fees for Count I appears to be foreclosed by recent Supreme Court precedent. In *Lackey v. Stinnie*, the Supreme Court found that preliminary injunctions "do not confer prevailing party status" because "preliminary injunctions do not conclusively resolve the rights of parties on the merits." 145 S. Ct. 659, 667 (2025). "Nor do external events that moot the action and prevent the court from conclusively adjudicating the claim." *Id.* at 671. Rather, a plaintiff is only a prevailing party "when a court conclusively resolves a claim by granting enduring judicial relief on the merits." *Id.* at 669. The Supreme Court thus held that the plaintiffs in that case, who "gained only preliminary injunctive relief before th[e] action became moot," "do not qualify as prevailing parties eligible for attorney's fees under § 1988(b)." *Id.* at 671 (cleaned up). Here, the Court did not conclusively resolve Count I on the merits. Under recent Supreme Court precedent, RFK is not a prevailing party as to Count I.

2. <u>Counts II and III are moot and must be dismissed</u>

This Court must dismiss Counts II and III as moot. Counts II and III challenged Utah's previous prohibition of out-of-state petition circulators, previously found in Utah Code § 20A-7-105(4)(a) (2023 version). S.B. 107 mooted that challenge. S.B. 107 removed the prohibition on out-of-state petition circulators for initiatives and referendum. The current statute thus contains no residency requirement. *See* Utah Code § 20A-7-105(4)(a) (2025 version). Plaintiffs' challenge to the residency requirement in Counts II and III are moot, and the Court should dismiss these claims. And, Plaintiffs agree that Counts II and III are moot[36] and should be dismissed.[37]

## CONCLUSION

For the reasons stated above, the Court should dismiss Counts I, II, and III as moot.

DATED: September 4, 2025.

OFFICE OF UTAH ATTORNEY GENERAL

*/s/ Jason N. Dupree*
JASON N. DUPREE
KEITH W. BARLOW
SCOTT D. CHENEY
Assistant Utah Attorneys General
*Counsel for Defendants*

---

[36] Pls.' Opp. to Def.'s Mot. to Dismiss, ECF No. 38, at 2.
[37] *Id.* at 16.